## UNITED STATES v. 179.9 ACRES, MORE OR LESS, OF LAND IN JACKSON COUNTY, KENTUCKY et al.

### No. 79.

United States District Court,
E. D. Kentucky.

Sept. 29, 1952.

Claude P. Stephens, U. S. Atty., Kit C. Elswick, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Thomas D. Shumate, Shumate & Shumate, Irvine, Ky., for intervenor Edd Begley.

FORD, Chief Judge.

Edd Begley, intervening petitioner herein, claims that at the time of the institution of this condemnation proceeding he was the owner of the tract of land described and identified in the record as "2s–1" containing 36.2 acres.

Conceding that at the time in question Martha Bond, Trustee, under whom plaintiff claims, held good legal title to the tract, petitioner asserts that he had disseized her by his adverse possession of it for the statutory period of fifteen years. KRS § 413.010.

■ All authorities seem to hold that, in order for adverse possession to ripen into title, one of the essential elements is that the possession relied upon shall have been continuous for the full statutory period and, if the continuity of possession be broken by voluntary abandonment or otherwise before the end of the statutory period, such break is fatal to acquisition of title by the adverse claimant and the law restores constructive possession to the owner of the legal title. "In other words, the adverse possession must be such as to give a cause of action for every moment of the statutory period; if it is broken, it ceases to run, and will not again accrue until a new adverse holding is begun, in which case the prior holding before the break may not be tacked on to the subsequent one to complete the period." Asher v. Gibson, 198 Ky. 285, 289, 248 S.W. 862, 864. A recent Kentucky authority re-affirming this rule is Fletcher Lumber Co. v. Fordson Coal Company, 311 Ky. 19, 23, 223 S.W.2d 175.

■ Acts of possession relied upon by petitioner are: (1) In 1922 for a period of approximately six months he engaged in cutting oak cross-ties from the land and made wagon roads for removing them; (2) in 1933 he cut and removed enough timber from one end of the tract to make a box house, and (3) in 1945 he cut enough pine timber from another part of the land to make a house. Neither of the houses are shown to have been erected upon any part of the tract from which the timber was taken.

266

During the ten-year period following 1922 until the removal of the timber in 1933, and during a like period between 1933 and 1945 and thereafter, there is no evidence that the petitioner entered upon or occupied the tract in any manner or for any purpose. These prolonged periods of abandonment are entirely unexplained and obviously constituted such breaks in the continuity of petitioner's possession as to preclude his acquisition of title by adverse possession as against the holder of the legal title. Melton v. Sparks, 263 Ky. 591, 596, 92 S.W.2d 737; Asher v. Gibson, supra.

Disseizin of the the holder of the legal title "cannot be accomplished by any form of absent treatment". Flinn v. Blakeman, 254 Ky. 416, 71 S.W.2d 961, 973; Turk v. Wilson's Heirs, 266 Ky. 78, 87, 98 S.W.2d 4.

The idea that Stephens v. Kidd, 298 Ky. 38, 181 S.W.2d 688, was intended to sanction a different doctrine seems to be adequately negatived by the later case of Fletcher Lumber Co. v. Fordson Coal Company, supra. However, as I view the Stephens case, it did not purport to alter the long established rule requiring continuity of actual possession for the full statutory period in order for adverse possession to ripen into title as against the legal title holder. It dealt with facts and circumstances peculiar to that case in which both parties claimed title only by adverse possession, neither of them being holder of the legal title against whom constructive possession is unavailing and against whom nothing short of continuous actual possession can prevail. See, Wilson v. Chappell, 244 Ky. 521, 51 S.W.2d 669; Whitley County Land Co. v. Powers' Heirs, 146 Ky. 801, 144 S.W. 2; Turk v. Wilson's Heirs, supra.

Evidence introduced by the intervening petitioner is insufficient to sustain the burden resting upon him. Proof of continuous adverse possession for the full statutory period is lacking. Petitioner's claim must, therefore, be denied. In view of this conclusion, it is unnecessary to consider other questions presented.

Let judgment be entered accordingly.